**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jill Shindler,<br><br>Plaintiff,<br><br>vs.<br><br>CityBusiness Twin Cities, Inc., a Minnesota corporation, and American City Business Journals, Inc., a Delaware corporation,<br><br>Defendants. | Civil No. 01-CV-1668 DSD/JMM<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**STIPULATION**

It is hereby stipulated and agreed by the parties through their respective undersigned counsel, as follows:

1. Defendants CityBusiness/Twin Cities, Inc. ("CityBusiness") and American City Business Journals, Inc. ("ACBJ") (collectively "Defendants") may designate as "confidential" any documents or other information relating to the following subjects that are produced in discovery in this action, which Defendants reasonably believe to constitute confidential information, trade secrets, or proprietary information:

(a) all financial, budgetary, sales, compensation, payroll, client, or other proprietary information of Defendants;

(b) information disclosed in response to interrogatories;

(c) documents disclosed in response to document requests; and

(d) information disclosed at the deposition of any witnesses deposed in this matter that is designated by any party on the record at the deposition as confidential and subject to the provisions of this Protective Order.

FILED APR 0 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

With respect to subsections (a)-(d) above, a party will require a confidential designation only as to information or documents that the designating party, in good faith, believes contain confidential information. Such information so designated is referred to as "Confidential Information" in this Stipulation and Protective Order.

2. The information and documents that Defendants wish to designate as Confidential Information shall be designated by:

(a) imprinting the word "confidential" on the first page or cover page of any document produced;

(b) imprinting the word "confidential" next to or above any answer to an interrogatory;

(c) advising the court reporter that certain testimony is confidential and is to be separately transcribed and marked accordingly; or

(d) by specifically identifying the information or documents in a writing delivered to plaintiff's counsel.

3. Information designated as "confidential" shall not be given, shown, made available, or communicated in any way by plaintiff or her attorneys to anyone other than:

(a) The parties' attorneys and their staffs, including in-house counsel for Defendants;

(b) Jill Shindler;

(c) The Court and its staff;

(d) Outside consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(e) Court reporters and witnesses in the course of and to the extent necessary to conduct depositions;

(f) Such other persons as may be necessary to conduct the trial of this action, as ordered by the Court or agreed by the parties pursuant to paragraph 9 below;

(g) Such other persons as the Court may specifically approve after notice and hearing; and

(h) Such other persons as the parties may agree in writing. (As to the persons over whom counsel for the party in question cannot obtain written agreement to the terms of this Order, such counsel shall make no disclosure.)

4. Before making disclosure of Confidential Information pursuant to paragraph 3(d)-(h) above, plaintiff's counsel shall obtain from these individuals an agreement in writing (in the form attached as Exhibit A) to be bound by this Stipulation and Protective Order. These written agreements shall be maintained in a file but need not be disclosed to opposing counsel unless ordered by the Court in response to a good faith allegation that the provisions of this Stipulation and Protective Order have been breached.

5. The people to whom paragraph 3 permit disclosure of Confidential Information shall not use or communicate it for any purpose other than preparation for litigation, appeal, or settlement of this action.

6. No Confidential Information shall be used or communicated by the parties or any other person receiving it, for business or competitive purposes or for any purpose whatsoever, other than in preparation for litigation, appeal, or settlement of this action.

7. There shall be no reproduction whatsoever of Confidential Information, except that as may be required in the litigation of this matter; copies, excerpts or summaries of Confidential Information may be shown or given only to those authorized to receive Confidential Information pursuant to this Order.

8. Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Order to receive the Confidential Information.

9. The parties shall attempt to agree before trial on how the Confidential Information shall be handled during trial. If the parties cannot reach agreement, the Court may take such steps as it deems reasonably necessary to preserve the confidentiality of such information.

10. The fact that information is designated as Confidential Information shall not be deemed to be determinative of what the Court as a trier of fact may subsequently determine to be confidential. Absent a stipulation by the parties, the fact of such a designation by a party shall not be admissible as evidence during the trial of the above matters. Absent stipulation of the parties or Court order, no document introduced into evidence shall bear any "Confidential" mark that was placed upon the document by the parties solely for purposes of this Stipulation and Protective Order.

11. Nothing in the foregoing provisions of this Stipulation and Protective Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a more limited form of protection than designated is appropriate.

12. Within sixty (60) days after the final termination of this matter, including all appeals, the parties and all experts, consultants and/or witnesses receiving Confidential Information shall be responsible for returning to the furnishing counsel all Confidential Information in such individual's possession, custody, or control, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom. With respect to the words "all excerpts or summaries thereof, or any other materials derived therefrom," these words are not intended to require the return of attorney work-product or attorney-client memoranda or other documents, so long as these documents are destroyed within sixty (60) days after the termination of the matter, including all appeals. The parties to the above matter and their counsel further agree that the Confidential Information remains confidential after the termination or conclusion of the litigation of the above matter and that such Confidential Information may not be used in any other matter or for any other purpose without the prior written consent of the party originally furnishing the confidential information.

13. Nothing in this Stipulation and Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

14. Nothing in this Stipulation and Protective Order shall prevent any party from seeking a modification of this Order, seeking a ruling that this Stipulation and Protective

Order should not apply to certain documents or information, or objecting to discovery that it believes to be otherwise improper.

15. Nothing in this Stipulation and Protective Order shall affect the admissibility of any documents, testimony, or other evidence for a dispositive motion or trial.

Dated: April 2, 2002

FAEGRE & BENSON LLP

Mary E. Stumo, #122440
Karla C. Robertson, #306794

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendants
CityBusiness/Twin Cities, Inc. and
American City Business Journals, Inc.

Dated: March 27, 2002

WILLIAM J. EGAN, PLC

William J. Egan, #166029

150 Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
(952) 836-2770

Attorneys for plaintiff
Jill Shindler

M1:857731.01

**ORDER**

Pursuant to the above stipulation, **IT IS SO ORDERED.**

Dated: April 3, 2002

BY THE COURT

John M. Mason
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND**

I have read the Stipulation and Protective Order that has been signed by the Court and counsel in this case and I agree to comply with its terms.

Dated: ______________________

______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.