**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Jill Shindler, Plaintiff, | ) | Civil No. 01-CV-1668 DSD/~~JMM~~ SRN |
| vs. | ) | |
| CityBusiness Twin Cities, Inc., a Minnesota corporation, and American City Business Journals, Inc., a Delaware corporation, Defendants. | ) | **STIPULATION AND PROTECTIVE ORDER FOR DOCUMENTS PRODUCED BY MINNESOTA MONTHLY PUBLICATIONS** |

**STIPULATION**

It is hereby stipulated and agreed by CityBusiness/Twin Cities, Inc. ("CityBusiness") and American City Business Journals, Inc. ("ACBJ") (collectively "Defendants"), Jill Shindler, and Minnesota Monthly Publications ("Minnesota Monthly"), through their respective undersigned counsel, as follows:

1. Defendants, in the course of the litigation of the above-captioned matter, have sought by subpoena plaintiff's employment records from her current employer, Minnesota Monthly.

2. Minnesota Monthly reasonably believes some of the records sought by Defendants contain confidential information, trade secrets, or proprietary information. Based on this reasonable belief, Minnesota Monthly has agreed to produce the records sought pursuant to this mutually-agreeable Stipulation and Protective Order.

3. The information and documents that Minnesota Monthly wishes to designate as Confidential Information for protection under this Order shall be designated by:

FILED JUL 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(a) imprinting the word "confidential" on the first page or cover page of any document produced; or

(b) by specifically identifying the information or documents in a writing delivered to counsel for Defendants.

4. Information designated as "confidential" shall not be given, shown, made available, or communicated in any way by Defendants or their attorneys to anyone other than:

(a) The parties' attorneys and their staffs, including in-house counsel for Defendants;

(b) The Court and its staff;

(c) Outside consultants and experts retained to assist in preparation for trial or settlement and the office staffs of such consultants and experts;

(d) Court reporters and witnesses in the course of and to the extent necessary to conduct depositions; and

(e) Such other persons as may be necessary to conduct the litigation or trial of this action.

5. No Confidential Information shall be used or communicated by the parties or any other person receiving it, for business or competitive purposes or for any purpose whatsoever, other than in preparation for litigation, appeal, or settlement of this action.

6. There shall be no reproduction whatsoever of Confidential Information, except that as may be required in the litigation of this matter; copies, excerpts or summaries of Confidential Information may be shown or given only to those authorized to receive Confidential Information pursuant to this Order.

7. Confidential Information required to be filed with the Court shall be filed in a sealed envelope that bears the caption of this action and a legend declaring that its contents

are subject to a protective order and shall be available for inspection only by the Court and by those persons authorized by this Order to receive the Confidential Information.

8. The fact that information is designated as Confidential Information shall not be deemed to be determinative of what the Court as a trier of fact may subsequently determine to be confidential.

9. Nothing in the foregoing provisions of this Stipulation and Protective Order shall be deemed to preclude any of the parties from seeking and obtaining, on appropriate showing, such additional protection with respect to the confidentiality of documents produced pursuant to this Order; nor shall the parties be precluded from claiming that any matter designated hereunder is not entitled to protection, or that a more limited form of protection than designated is appropriate.

10. Within sixty (60) days after the final termination of this matter, including all appeals, the parties shall be responsible for returning to the furnishing counsel all Confidential Information produced under this Order in such individual's possession, custody, or control, and all excerpts or summaries thereof or any other materials derived therefrom. With respect to the words "all excerpts or summaries thereof, or any other materials derived therefrom," these words are not intended to require the return of attorney work-product or attorney-client memoranda or other documents, so long as these documents are destroyed within sixty (60) days after the termination of the matter, including all appeals. The parties to this Order and their counsel further agree that the Confidential Information remains confidential after the termination or conclusion of the litigation of the above matter and that

such Confidential Information may not be used in any other matter or for any other purpose without the prior written consent of the party originally furnishing the Confidential Information.

11. Nothing in this Stipulation and Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Rules of Civil Procedure, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

12. Nothing in this Stipulation and Protective Order shall prevent the parties from seeking a modification of this Order, seeking a ruling that this Stipulation and Protective Order should not apply to certain documents or information, or objecting to discovery that it believes to be otherwise improper.

13. Nothing in this Stipulation and Protective Order shall affect the admissibility of any documents, testimony, or other evidence for a dispositive motion or trial.

Dated: July 2, 2002

FAEGRE & BENSON LLP

Mary E. Stumo, #122440
Karla C. Robertson, #306794

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000

Attorneys for Defendants
CityBusiness/Twin Cities, Inc. and
American City Business Journals, Inc.

Dated: June 28, 2002

WILLIAM J. EGAN, PLC

William J. Egan, #166029

150 Edina Executive Plaza
5200 Willson Road
Edina, MN 55424
(952) 836-2770

Attorney for plaintiff
Jill Shindler

Dated: July 2, 2002

Mitzi Gramling
Minnesota Public Radio
45 East Seventh Street
St. Paul, MN 55101

Attorney for Minnesota Monthly Publications

M1:890875.01

**ORDER**

Pursuant to the above stipulation, **IT IS SO ORDERED**.

Dated: July 17, 2002

BY THE COURT

Susan Richard Nelson

Susan Richard Nelson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.